## E. S. Combs, Appellee, v. James Pulliam, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. Albert M. Rose, Judge, presiding. Heard in this court at the April term, 1914. Reversed. Opinion filed July 2, 1914. Rehearing denied October 7, 1914.

### Statement of the Case.

Action of assumpsit by E. S. Combs against James Pulliam to recover the value of certain farm machinery sold and delivered by plaintiff to Harry Paradee. The declaration contained only the common counts. The evidence showed that Paradee was the son-in-law of defendant; that defendant orally guaranteed payment of goods furnished to Paradee; that such goods were sold and charged to Paradee and a note taken in payment of the account and transferred to a bank of which plaintiff was president; that defendant indorsed such note, but after maturity the bank took another note of Paradee without indorsement and surrendered the original note, and that the bank had judgment against Paradee on the last note. A jury returned a verdict in favor of plaintiff for $38.35, on which judgment was rendered, and the defendant appealed.

Chafee & Chew, for appellant.

E. A. Richardson and Whitaker, Ward & Pugh, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Frauds, statute of, § 2*—*when promise to answer for debt of another must be written.* Under the statute of frauds no action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

shall be brought to charge a defendant on any special promise to answer for the debt of another unless the promise, or some memorandum thereof, is in writing signed by the party to be charged.

2. FRAUDS, STATUTE .OF, § 119*—*when statute need not be pleaded to be available as defense.* Where the declaration in an action of assumpsit consists of the common counts only, it is not necessary to plead the statute of frauds in order to have the benefit of such statute.

3. FRAUDS, STATUTE OF, § 16*—*what constitutes promise to answer for debt of another.* Where goods were sold to a person, the promise of a third person, that he "would see that they were paid for, guarantee the payment," was simply a promise to answer for the debt of another, and was not an original promise.

4. BILLS AND NOTES, § 215*—*when indorser discharged.* Where a buyer of goods gave a note therefor, indorsed by another, but such note was surrendered after maturity, and an unindorsed note of the buyer accepted, the indorser of the original note was not liable.